JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Keica Littlejohn, 6007 Alma St. Phila., PA 19149

**DEFENDANTS** City Of Phila., 1515 Arch Street, Phila., PA 19102, P.O. C. Clark, 1515 Arch St., Phila., PA 19102, P.O. Reed, 1515 Arch Street, Phila., PA 19102, P.O. Shabazz, 1515 Arch St., Phila., PA 19102

**(b)** County of Residence of First Listed Plaintiff ____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kenneth S. Saffren Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046 215-576-0100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** over $100,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE 11-29-10

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 6007 Alma Street, Philadelphia, PA 19149

Address of Defendant: One Parkway, 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: ____________________

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Kenneth S. Saffren, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 11/29/10 Kenneth S. Saffren (Attorney-at-Law) 44195 (Attorney I.D.#)

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 11-29-10 Kenneth S. Saffren (Attorney-at-Law) 44195 (Attorney I.D.#)

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Keica Littlejohn : CIVIL ACTION

v. :

City of Philadelphia and Police Officer C. Clark, :
and Police Officer Reed and Police Officer Shabazz : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 11-30-10 | Kenneth S. Saffren, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | ksaffren@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEICA LITTLEJOHN<br>6007 Alma Street<br>Philadelphia, PA 19149<br>and<br>Plaintiff,<br>v.<br><br>CITY OF PHILADELPHIA<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19102-1595<br>and<br>POLICE OFFICER C. CLARK<br>35TH POLICE DISTRICT<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19102-1595<br>and<br>POLICE OFFICER REED<br>35TH POLICE DISTRICT<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19102-1595<br>and<br>POLICE OFFICER SHABAZZ<br>35TH POLICE DISTRICT<br>One Parkway<br>1515 Arch Street<br>Philadelphia, PA 19102-1595<br>Defendants. | : | CIVIL ACTION NO.<br><br><br><br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION COMPLAINT |

**JURISDICTION**

This action is brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is based upon 28 U.S.C. Section 1331 and 1343(1), (3), (4), and the aforementioned statutory provision. Plaintiff further invokes the pendent and ancillary jurisdiction of this Court to hear and decide claims

arising under state law.

## VENUE

Venue is proper under 28 U.S.C. Section 1391(b) because the cause of action upon which the Complaint is based arose in Philadelphia, Pennsylvania which is in the Eastern District of Pennsylvania.

## PARTIES

1. Plaintiff, Keica Littlejohn, is a citizen and resident of the City of Philadelphia, Philadelphia County and the Commonwealth of Pennsylvania.

2. Defendant City of Philadelphia is a municipality in the City of Philadelphia, Philadelphia County existing under the laws of the Commonwealth of Pennsylvania.

3. At all times relevant herein the aforementioned Defendant employed Defendant Police Officer C. Clark, Police Officer Reed, Police Officer Shabazz and the Police Officers who were at all times relevant hereto officers with the City of Philadelphia Police Department and are being sued both individually and as officers, agents and/or employees of the City of Philadelphia.

4. At all times relevant herein the aforementioned Defendant employed the Police Officers including Officers Clark, Reed and Shabazz who were at all times relevant hereto officers with the City of Philadelphia Police Department and are being sued as officers, agents and/or employees of the City of Philadelphia.

5. At all times relevant hereto, Defendant's Police Officers including Officers Clark, Reed and Shabazz were acting as agents, servants, workmen and employees of the Philadelphia Police Department in the course and scope of their employment,

under the color of law and pursuant to the customs, policies and practices of the Defendant, City of Philadelphia.

6. On February 1, 2009 at approximately 2:00 a.m. Plaintiff, Keica Littlejohn was a business invitee of the Sid Booker's Stinger Lounge at 4600 North Broad Street, whereupon she exited the lounge and was lawfully walking on the sidewalk.

7. At the aforementioned time and place, Defendant's police officers including Officers Clark, Reed and Shabazz forcibly grabbed Plaintiff, threw her to the ground and stepped on her back unlawfully restraining her.

8. Defendant's police officers including officers Clark, Reed and Shabazz, assaulted, battered and restrained Plaintiff without provocation and/or probable cause.

9. The assault, battery and detainment of Plaintiff committed by Defendant's police officers including Officers Clark, Reed and Shabazz as well as the actions leading up to the detainment were conducted in a violent and abusive manner, during the course of which Defendant's police officers pulled, shoved, kicked, verbally assaulted and abused Plaintiff with the intent and purpose of humiliating and embarrassing Plaintiff in the presence of the public in general and, particularly, the people present at the scene.

10. At the direction of Defendant's Police Officers including Officers Clark, Reed and Shabazz, Plaintiff was imprisoned and detained without warrant, probable cause and/or lawful cause whatsoever.

11. No criminal charges against the Plaintiff were ever brought by the Defendant City of Philadelphia and/or the Commonwealth of Pennsylvania.

12. As a direct and proximate result of the aforementioned acts and omissions of the Defendants, Plaintiff, Keica Littlejohn suffered and continues to suffer from but not limited to the following:

A. Severe degradation, humiliation, embarrassment, emotional stress and anxiety;

B. Extreme fear, anxiety and paranoia especially upon seeing police officers and constables;

C. Damage to her reputation as a good, honest and law abiding citizen;

D. Having been and may continue to be prevented to attending to some or all of her usual daily activities to his great detriment and loss;

E. Facial trauma;

F. Post-Traumatic Stress/Anxiety Syndrome including but not limited to sleeplessness, dizziness, nausea and feelings of despair.

E. Injuries to his nerves and nervous system including but not limited to a fractured right ankle requiring surgery and multiple contusions.

13. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff, Keica Littlejohn has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical expenses for an indefinite period of time in the future, to her great detriment and loss.

14. As a direct and proximate result of the aforementioned actions of Defendant, Plaintiff, Keica Littlejohn, has suffered a severe loss of earnings and impairment of her earning capacity or power, which will continue for an indefinite period of time in the future to her great detriment and loss.

15. As a direct and proximate result of the aforementioned actions of the Defendant, Plaintiff, Keica Littlejohn, has and will thereafter incur other financial expenses and losses.

16. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff, Keica Littlejohn, has suffered agonizing aches, severe physical trauma and pains, contusions, bruises, numbness, disability, mental anguish, humiliation and emotional distress and she will continue to suffer the same for an indefinite time in the future, to her great detriment and loss.

**COUNT I**
**42 U.S.C. SECTION 1983 AND 1988**

17. Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth herein at length.

18. As aforementioned, Defendant's Police Officers including Officers Clark, Reed and Shabazz, acted in the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant City of Philadelphia intentionally and assaulted, battered and detained Plaintiff without provocation, probable cause, without due process of law and depriving her of the equal protection of the law and depriving her of the privileges and immunities afforded to citizens of the United States, all of which actions violated the Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, laws of the United States and in violation of 42 U.S.C. Section 1983.

19. As aforementioned, Defendant's Police Officers including Officers Clark, Reed

and Shabazz acted in the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant, City of Philadelphia when they intentionally and maliciously threatened, accused, humiliated and insulted the Plaintiff and used their authority illegally and improperly to punish the Plaintiff all of which violated the Plaintiff's rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and in violation of 42 U.S.C. Section 1983.

20. As aforementioned, Defendant's Police Officers including Officers Clark, Reed and Shabazz while acting in the course and scope of their employment under the color of state law, and pursuant to the customs, policies and practices of Defendant City of Philadelphia were verbally and physically abusive to Plaintiff, overlooked the verbal and/or physical abuse of the Plaintiff by others and failed to take remedial measures to stop the verbal and/or physical abuse of the Plaintiff all of which violated the Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and in violation of 42 U.S.C. Section 1983.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988 Plaintiff, Keica Littlejohn, demands compensatory damages and attorneys fees and costs against Defendants, City of Philadelphia, Police Officer C. Clark, Police Officer Reed and Police Officer Shabazz in an amount in excess of $100,000.00.

**COUNT II**
**EXCESSIVE FORCE**
**42 U.S.C. SECTION 1983 AND 1988**

21. Paragraphs 1 through 20 are incorporated herein by reference as though each were fully herein set forth at length.

22. The injuries and damages aforementioned were caused solely and exclusively by the carelessness and negligence of the Defendant's police officers, constables agents and/or employees. In addition to that mentioned above consisted of the following:

a. Failing to restrain the unreasonable seizure of persons without probable cause, without valid warrants by Defendant's police officers including Officers Clark, Reed and Shabazz and/or constables;

b. Failing to restrain the unreasonable seizure of property without probable cause, without valid warrants by Defendant's police officers including Officers Clark, Reed and Shabazz and/or constables;

c. Failing to properly supervise and/or control police officers including Officers Clark, Reed and Shabazz and/or other agents of Defendant City of Philadelphia;

d. Using excessive force and inappropriate means by which to subdue Plaintiff and take her into police custody;

e. Failing to properly train, test and/or select police officers and/or constables;

f. Failing to exercise due care for the Plaintiff's safety under the circumstances;

g. Failing to prevent Plaintiff from being falsely imprisoned and maliciously prosecuted by its officers including Officers Clark, Reed and Shabazz

where Defendant knew or had reason to know the previous conduct of said officers;

h. Otherwise acted without due regard for the rights, safety and position of the Plaintiff herein; and

i. Otherwise violating the ordinances of the City of Philadelphia and statutes of the Commonwealth of Pennsylvania.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988 Plaintiff, Keica Littlejohn, demands compensatory damages and attorneys fees and costs against Defendants, City of Philadelphia, Police Officer C. Clark, Police Officer Reed and Police Officer Shabazz in an amount in excess of $100,000.00.

**COUNT III**
**FALSE ARREST AND FALSE IMPRISONMENT**

23. Paragraphs 1 through 22 are incorporated herein by reference as if each were set forth herein at length.

24. Defendant's Police Officers including Officers Clark, Reed and Shabazz intentionally caused the false arrest and imprisonment of the Plaintiff without probable cause, without privilege and against the Plaintiffs' will.

25. As a direct and proximate result of the malicious and intentional acts of the Defendants and its employees, Plaintiff suffered injuries which are described above.

WHEREFORE, Plaintiff, Keica Littlejohn, demands compensatory damages, interest, delay damages and attorneys fees and costs against Defendants, City of Philadelphia, Police Officer C. Clark, Police Officer Reed and Police Officer Shabazz in an amount in excess

of $100,000.00.

**COUNT IV**
**INFLICTION OF EMOTIONAL DISTRESS**
**<u>42 U.S.C. SECTION 1983 AND 1988</u>**

26. Paragraphs 1 through 25 are incorporated herein by reference as if each were fully herein set forth at length.

27. Plaintiff believes and therefore avers that Defendants did inflict serious emotional distress upon the Plaintiff in a careless and reckless manner.

28. As a direct result of the actions of the Defendants, due to the actions of its Police Officers including Officers Clark, Reed and Shabazz, Plaintiff has been caused severe emotional damage and experienced great emotional trauma.

29. The negligence and recklessness of Defendant City of Philadelphia by and through its Police Officers including Officers Clark, Reed and Shabazz consisted inter alia of the following:

a. Failing to have an existence and/or maintain proper personnel training procedures necessary to prevent this type of conduct;

b. Failing to instruct and supervise their police officers in dealing with members of the public;

c. Failing to restrain use of force and unlawful seizures of persons by Defendant police officers and/or constables; and

d. Carelessly, recklessly and negligently employing, training,

supervising and implementing personnel policies and procedures

as

discovery will disclose and Plaintiff hereby reserves the right to include other causes of action and negligence after discovery has been completed.

WHEREFORE, Plaintiff, Keica Littlejohn, demands judgment against Defendants, City of Philadelphia, Police Officer C. Clark, Police Officer Reed and Police Officer Shabazz in an amount in excess of $100,000.00 plus costs, interest, attorney fees and delay damages.

BY:____________________________________

KENNETH S. SAFFREN, ESQUIRE
Pa. Atty. I.D. No. 44195
Saffren & Weinberg
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
Attorney for Plaintiff Kecia Littlejohn